**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ARTURO HERNANDEZ ARECHIGA,<br>Petitioner,<br>v.<br>MARK BOWEN, et al.,<br>Respondents. | NO. EDCV 26-4957-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

On March 30, 2026, in Arechiga v. Bowen, United States District Court for the Central District of California case no. 26-1516-AS ("Arechiga I"), David Arturo Hernandez Arechiga ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Arechiga I Petition") against: Mark Bowen, Acting Warden of the Adelanto Detention Center; Todd Lyons, Acting Director of the United States Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of the United States Department of Homeland Security; and Pamela Bondi, former

United States Attorney General (collectively "Arechiga I Respondents"). (Arechiga I Docket ("Arechiga I Dkt.") No. 1). The Petition raised five grounds for federal habeas relief: (1) Petitioner was improperly detained in violation of due process of law; (2) Petitioner was denied due process of law when he was detained without advance notice his release would be revoked, an opportunity to contest the legal basis for his detention, an individualized custody determination, or a pre-deprivation hearing before a neutral decisionmaker; (3) The unlawful denial of a bond hearing violated 8 U.S.C. § 1226(a); (4) The unlawful denial of a bond hearing violated the Administrative Procedures Act; and (5) Petitioner was being improperly detained without an individualized bond hearing. (Arechiga I Petition ¶¶ 85-132). Petitioner requested that the Arechiga I Respondents immediately release him from custody. (Arechiga I Petition at 19-20). Petitioner also filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction on March 30, 2026. (Arechiga I Dkt. No. 4).

On April 2, 2026, Senior United States District Judge Valerie Baker Fairbank partially granted Petitioner's Motion for a TRO, ordering Respondents to "either immediately release petitioner or hold an individualized detention hearing before a neutral arbiter no later than Friday, April 10, 2026" ("TRO Order"). (Arechiga I Dkt. No. 10 (emphasis omitted)).

On April 8, 2026, Immigration Judge ("IJ") Ravit Halperin held a bond hearing and denied Petitioner bond, stating only that Petitioner's "request for a change in custody status" was denied due to "[f]light

risk." (Arechiga I Dkt. No. 11, Exh. A; Arechiga I Dkt. No. 12, Exh. A).

On April 15, 2026, Petitioner filed a Motion to Enforce Habeas Order and for Immediate Release ("Motion to Enforce"). (Arechiga I Dkt. No. 15). The Motion to Enforce asserted Petitioner's bond hearing did not comply with the Court's TRO Order. (Id.).

The parties consented to proceed before the undersigned (Arechiga I Dkt. Nos. 17, 20, 23), and on May 26, 2026, the Court granted Petitioner's unopposed Motion to Enforce and ordered the Arechiga I Respondents to "immediately release Petitioner from immigration custody without the imposition of any restraints on his liberty, such as reporting requirements, GPS, or electronic monitoring." (Arechiga I Dkt. Nos. 24-25). On May 28, 2026, Respondents filed a Status Report stating that Petitioner was released from ICE custody on May 27, 2026. (Arechiga I Dkt. No. 26).

On August 28, 2026, Petitioner, proceeding through counsel, filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") with the Declarations of Gurpreet Kaur ("Kaur Decl.") and David Arturo Hernandez Arechiga ("Arechiga Decl.") against: Mark Bowen; David J. Venturella, Acting ICE Director; Markwayne Mullin; and Todd Blanche, United States Attorney General (collectively "Respondents"). (Docket ("Dkt.") No. 1). The Petition alleges that, after being released pursuant to Arechiga I, Petitioner resided at his known address, remained available to the government, and appeared for his scheduled ICE appointments. (Petition, ¶¶ 4, 42, 44, 56, 58;

Arechiga Decl., ¶¶ 10-12, 30). Nevertheless, ICE re-detained Petitioner when he appeared for a scheduled ICE appointment on August 4, 2026. (Petition, ¶¶ 1, 57, 59; Arechiga Decl., ¶¶ 20-22). ICE re-detained Petitioner without advance notice, an individualized determination that circumstances had changed so as to justify his re-detention, or any opportunity to contest his re-detention. (Petition, ¶¶ 1, 60-62; Arechiga Decl., ¶¶ 24-26).

Petitioner alleges his arrest arose from a government-created error when ICE provided the wrong address – the address for the San Luis Obispo County Sheriff's Department rather than Petitioner's home address – to the Immigration Court, which mailed a Notice stating Petitioner had a hearing scheduled for June 29, 2026 to the Sheriff's Department that Petitioner, unsurprisingly, never received. (Petition, ¶¶ 5-7, 42-44, 47-50; <u>see</u> <u>also</u> Arechiga Decl., ¶¶ 8-9, 14-16; Kaur Decl., ¶¶ 4-6 & Exhs. B-D). Thereafter, on June 29, 2026, the Immigration Court held a hearing without Petitioner, who had no knowledge of the scheduled hearing, and ordered Petitioner removed in absentia. (Petition, ¶¶ 8-9, 53, 55; <u>also</u> Arechiga Decl., ¶ 17; Kaur Decl., ¶ 7, Exh. E). And it was because of the in-absentia removal order that Petitioner was re-detained when he appeared for his scheduled ICE hearing on August 4, 2026. (Petition, ¶¶ 1, 9; Arechiga Decl., ¶ 23).

When he became aware of the error, Petitioner immediately sought reopening and rescission of the removal order and, on August 22, 2026, the Immigration Court granted Petitioner's Motion to Reopen and rescinded the in-absentia removal order due to a lack of notice.

(Petition, ¶¶ 10-11, 63-65; Arechiga Decl., ¶¶ 27-28; Kaur Decl., ¶ 8, Exh. F). Nevertheless, ICE has taken the position that Petitioner will remain detained and can request another bond hearing. (Petition, ¶¶ 12, 68-70; Kaur Decl., ¶¶ 9-10 & Exh. G). Accordingly, Petitioner remains detained in ICE custody. (Petition, ¶ 71; Arechiga Decl., ¶ 29).

Based on these allegations, Petitioner alleges Respondents deprived him of due process of law and violated the Immigration and Nationality Act when they re-detained him. (Petition at 18-24). Petitioner seeks, among other relief, his immediate release from custody. (Petition at 25).

On September 2, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule ("Notice") requiring Respondents to file a Notice of Appearance within three calendar days and an Answer within seven days of the date of the Notice. (Dkt. No. 5). The Notice also provides that Petitioner can file a Reply within three days after Respondents filed an Answer and that "[i]f any of these deadlines fall on a weekend, holiday, or day the court is closed, the deadline shall be the next business day on which the court is open." (Id.). Despite the Notice, Respondents have not timely filed a Notice of Appearance or an Answer. (See Dkt. No. 9 ("Petitioner's Notice of Respondents' Non-Compliance With Court-Ordered Briefing Schedule")). Therefore, the Petition is unopposed.

\\

\\

\\

## II.

## DISCUSSION

Respondents' non-opposition is effectively a concession that the relief requested in the Petition should be granted. See, e.g., Espinales Martinez v. Mullin, 2026 WL 2608947, *1 (C.D. Cal. 2026) ("Respondents' failure to oppose Petitioner's due process claim is a concession."); Maltez Reyes v. Janecka, 2026 WL 2291234, *2 (C.D. Cal. 2026) ("As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought."); Li v. Warden of Adelanto ICE Processing Ctr., 2026 WL 1999293, *2 (C.D. Cal. 2026) ("Respondents' choice to not oppose Petitioner's due process claims . . . is in effect a concession that the Petition should be granted."); Guadran v. Mullin, 2026 WL 1182198, *1 (C.D. Cal. 2026) ("Respondents' non-opposition itself is a basis to grant the Petition."); Rojas v. Mullin, 2026 WL 1105039, *1 (C.D. Cal. 2026) ("[T]he court construes respondents' failure to address petitioner's due process claim as a concession."); Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) ("By failing to respond to the claims . . . asserted, Respondents have conceded the claims.").

Moreover, the Court has previously found that individuals similarly situated to Petitioner were entitled to immediate release from custody because they were re-detained without due process of law. See, e.g., Andres v. Semaia, 2026 WL 2415508 (C.D. Cal. 2026); Gallosa-Zapata v. Warden, Adelanto ICE Processing Ctr., 2026 WL 2410945 (C.D. Cal. 2026); Castaño v. Blanche, 2026 WL 1915720 (C.D. Cal. 2026). Given

Respondents' lack of opposition to the Petition and for the reasons set forth in Andres, Castaño, and Gallosa-Zapata, and the relevant cases cited in those opinions, the Petition is granted.

## III.
## ORDER

Accordingly, in light of Respondents' non-opposition, and for the reasons discussed herein, the Petition (Dkt. No. 1) is **GRANTED.** Respondents shall immediately release Petitioner (A# 246-060-736) from immigration custody without the imposition of any restraints on his liberty, such as reporting requirements, GPS, or electronic monitoring. Respondents are also enjoined from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations. The Court further ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on September 15, 2026, confirming Petitioner has been released from custody. IT IS SO ORDERED.

DATED: September 11, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE